IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDGAR PHILLIPS,

    Petitioner,

v.                                      Civil Action No. 5:05CV87
                                              (Criminal Action No. 5:95CR34-01)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTION**

I.  Procedural History

On September 24, 1995, the pro se petitioner, Edgar Phillips, filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 ("§ 2255").

This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of these matters.

Magistrate Judge Seibert filed a report recommending that the petitioner's § 2255 motion be dismissed for lack of jurisdiction. The magistrate judge also informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. On November 10, 2005, the petitioner filed timely objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. This Court has now made an independent <u>de novo</u> consideration of all of the matters now before it and is of the opinion that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II. Facts

On April 1, 1996, the petitioner pleaded guilty to Count 1, interstate domestic violence, in violation of 18 U.S.C. § 2261(a) in Criminal Action No. 5:95CR33-01, and Count 1, conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 in Criminal Action No. 5:95CR34-01. The petitioner was sentenced to 120-months incarceration on Count 1 of Criminal Action No. 5:95CR33-01 and 235-months incarceration on Count 1 of Criminal Action No. 5:95CR34-01, with the sentences to run concurrently.

The petitioner did not appeal this conviction. However, he filed a § 2255 motion on September 24, 1995, which the Court dismissed on procedural grounds on February 28, 2000. On February 9, 2001, the petitioner filed a second § 2255 motion seeking to vacate, set aside or correct his sentence in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The petitioner's § 2255 motion was denied on July 17, 2002. On August 12, 2002, the petitioner filed a notice of appeal and request for certificate of appealability, which was denied by this Court. The United States

Court of Appeals for the Fourth Circuit denied the certificate of appealability on December 31, 2002.

The petitioner filed his current § 2255 motion on June 28, 2005. In support of his current motion, the petitioner alleges that his sentence violates his Sixth Amendment rights and is illegal because it is based on mandatory guidelines that have since been found to be unconstitutional. In support of his allegations, the petitioner cites Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 125 S.Ct. 738 (2005) and Dodd v. United States, 545 U.S. 353 (2005).

### III. Discussion

Title 28, United States Code, Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

A § 2255 petition is successive when the first petition was dismissed on the § 2255 motion. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered on the merits. The petitioner's current § 2255 motion challenges the

same sentence that was challenged in his first § 2255 motion. Thus, the magistrate judge found that the petitioner's current motion is a successive petition. Accordingly, the magistrate judge recommended that the petitioner's current § 2255 motion be denied with prejudice. In his objections, the petitioner requests that this Court deny "without prejudice" instead of "with prejudice" his § 2255 petition.

In this action, the petitioner did not obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion in this Court. Thus, pursuant to 28 U.S.C. §§ 2244 and 2255, this Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Under the circumstances in this action, the transfer of the petitioner's § 2255 motion to the Fourth Circuit is not warranted because the Supreme Court has not ruled that Blakely and/or Booker apply retroactively to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001)(for purposes of authorizing a second or successive petition, the Supreme Court must declare that a new rule of constitutional law is retroactively applicable to collateral review). See In re Anderson, 396 F.3d 1336 (11th Cir. 2005)(denied

4

the petitioner's motion for leave to file a second or successive § 2255 motion because the Supreme Court has not made <u>Booker</u> retroactive to cases on collateral review).

In his objections, the plaintiff requests that this Court deny his § 2255 motion without prejudice. This Court finds that the plaintiffs request is improper because the plaintiff's motion has been previously decided on the merits. Specifically, The plaintiff's current § 2255 motion challenges the same issue, his sentence, that was previously challenged in his first § 2255 motion. The plaintiff's first § 2255 motion was decided on the merits and dismissed by this Court. Thus, the plaintiff's current § 2255 motion must be dismissed with prejudice, not without prejudice.

V. <u>Conclusion</u>

This Court finds that Magistrate Judge Seibert has examined all of the petitioner's claims carefully and has provided clear explanations for his recommendations. After <u>de novo</u> consideration of the record, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation that the petitioner's § 2255 motion is DISMISSED WITH PREJUDICE for lack of jurisdiction, and OVERRULES the petitioner's objections to the magistrate judge's report and recommendation.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit,

he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED: April 12, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE