IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Criminal Action Nos. 5:95CR33 and 5:95CR34-01
    (STAMP)
EDGAR SPENCER PHILLIPS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS TO REDUCE SENTENCE
AND MOTION FOR AN ADJUSTMENT OF SENTENCE**

I. Procedural History

The defendant has filed three motions to reduce sentence and a motion for an adjustment of sentence. All four motions have been filed in both criminal cases. The defendant was initially convicted of one count of conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846 (Criminal Action No. 5:95CR34) and one count of interstate domestic violence in violation of 18 U.S.C. § 2261(a) (Criminal Action No. 5:95CR33). The defendant received a sentence of 235 months incarceration for the distribution charge and a sentence of 120 months incarceration for the interstate domestic violence charge.

The defendant has previously filed a 28 U.S.C. § 2255 motion which was denied and dismissed. The defendant then filed a 28 U.S.C. § 2241 motion which was denied without prejudice because it had not been served on the government. He then filed a second § 2255 motion which was also denied and dismissed. The defendant

then appealed to the United States Court of Appeals for the Fourth Circuit.  However, a certificate of appealability was denied.  The defendant then filed a third § 2255 motion, that motion was denied and dismissed.  A retroactive sentence reduction motion under 18 U.S.C. § 3582 was then filed, this motion was granted and his new sentence was set at 210 months of incarceration.  The defendant then filed a letter motion to reduce sentence under § 3582, this was also denied.

The defendant then filed two motions to reduce sentence and a motion for adjustment of sentence.  This Court then ordered the government to respond to the defendant's second motion to reduce sentence.  The government then responded to all three of the pending motions.  The defendant filed a reply to the government's response.  The defendant has now filed a third motion to reduce sentence.

## II. Facts

A. First Motion to Reduce Sentence

In the first motion to reduce sentence, the defendant requests that this Court reduce his sentence by 25 months.  The defendant argues that he was not convicted of a crime that was considered in calculating his criminal history points in the presentence investigation report ("PSR").  Further, the defendant adds that the magistrate judge in the defendant's underlying state court criminal action was corrupt and has since been convicted of felonies.

2

However, the defendant refers to his sentence of 235 months and asks that it be adjusted downward by 25 months. This would leave a sentence of 210 months, which this Court has already adjusted the defendant's sentence to under the § 3582 motion in 2009 (ECF No. 91 in 5:95CR34).

B.  Second Motion to Reduce Sentence

The defendant then filed a second motion to reduce sentence eight days later. In this motion, the defendant goes into more detail as to why his sentence should be reduced. He argues that his PSR included a conviction that did not actually materialize in the Pennsylvania state court system. The defendant contends that he was arrested but never convicted. The defendant again refers to the 235 month sentence he originally was sentenced to and not to the reduced sentence of 210 months. The defendant attaches as an exhibit a letter from his case manager that states that he was unable to find a conviction from the 1989 harassment charge listed on the PSR. A reply from the United States Probation Office for the Northern District of West Virginia states that the simple assault charge in Pennsylvania was dismissed, however, the defendant pleaded guilty to harassment and was ordered to pay fines and restitution. Thus, the probation office informed the defendant that the conviction was held valid by the probation office.

The defendant then filed a supplement to this motion stating that he was incorrectly assigned a criminal history point for the

3

arrest in Pennsylvania. He provides a record sheet that states that he was not convicted of simple assault. The record sheet does not list the harassment charge.

C. <u>Motion for Adjustment of Sentence</u>

The defendant makes the same arguments as above in his motion for adjustment of sentence. Again, he refers to a 235 month sentence of incarceration.

This Court then ordered the government to respond. The government responded to all three motions in one response. The government argues that the defendant's motions are actually § 2255 motions to reduce his sentence. The government contends that because the defendant is asking for a reduction due to an alleged error in the computation of his criminal history score or relevant conduct calculation, the Court must treat the motions as § 2255 motions. Under <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003), and Federal Rule of Criminal Procedure 60(b), the government asserts that this Court must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit so that it may perform its gate-keeping function.

The defendant replied by arguing that the government incorrectly characterized his motions as § 2255 motions. Further, the defendant contends that there are extraordinary and exceptional circumstances in this case because the PSR contained an error that resulted in an unconstitutional sentence that the defendant must

now serve. The defendant again asks for a reduction of his 235 month sentence to 210 months.

D.  Third Motion to Reduce Sentence

In the defendant's latest motion to reduce sentence, he argues that he was assessed an extra criminal history point that was not supported by an underlying conviction. The defendant contends that if this Court was inclined to reduce his sentence to 210 months then it should also be inclined to consider the time he has served and his good conduct time. The defendant thus asks that he be released.

Based on the analysis below, this Court finds that the defendant's motions should be denied as this Court lacks jurisdiction to hear them.

## III. Discussion

The defendant's claims are barred as the defendant's claims are a direct attack on the prisoner's sentence and thus an attempt to bring them here must be considered a successive § 2255 petition. "It is the substance of the motion, not the label or name assigned to it by a *pro se* petitioner, that determines whether a court views the motion as arising under section 2255." Scott v. United States, 761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) (finding that a motion to discontinue sentence was a § 2255 petition as it sought relief from conviction and sentence) (citing Raines v. United States, 423 F.2d 526, 528 (4th Cir. 1970)). In this case, the defendant's claims

are clearly made in order to attack the defendant's underlying sentence and conviction as he has requested that this Court void part of his sentence. The defendant has sought a modification of his sentence because he alleges there was an error in the computation of his criminal history score and an error in this Court's consideration of certain relevant conduct in computing his sentence. Thus, such claims should have been brought pursuant to a successive § 2255 petition.

As such, the defendant should have sought pre-filing authorization. To be considered successive, the first petition must have been dismissed on the merits. <u>Harvey v. Horan</u>, 278 F.3d 370 (4th Cir. 2002). The defendant's first petition was dismissed on the merits. See <u>Phillips v. United States</u>, Civ. No. 5:01CV16, at ECF No. 2 (N.D. W. Va. July 17, 2002)(dismissing the defendant's second § 2255 petition on the merits). "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." <u>Winestock</u>, 340 F.3d at 205 (citing 28 U.S.C. § 2244(b)(3)). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." <u>Id.</u> (citation omitted). The defendant has not obtained pre-filing authorization from the Fourth Circuit and thus his claim that the considerations in the PSR were improper, a § 2255 claim masked as a claim pursuant to motions to reduce

sentence, must be dismissed as this Court lacks jurisdiction to hear such a claim.

Finally, this Court notes that the defendant has requested that he be given consideration of his good conduct time while he was incarcerated. This Court declines as such a consideration is left to the Bureau of Prisons and may not be determined by this Court.

## IV. Conclusion

For the reasons stated above, the defendant's motion to reduce sentence (ECF No. 71 in 5:95CR33; No. 97 in 5:95CR34-01); motion to reduce sentence (ECF No. 73 in 5:95CR33; No. 99 in 5:95CR34-01); motion for an adjustment of sentence (ECF No. 76 in 5:95CR33; No. 102 in 5:95CR34-01); and motion to reduce sentence (ECF No. 82 in 5:95CR33; No. 108 in 5:95CR34-01) are DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail, to counsel of record herein, and to the United States Court of Appeals for the Fourth Circuit.

DATED:    October 8, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE